TERRELL, Justice
(dissenting).
' Appellant was the husband of Blanche Quimby Stephens who died testate May 1, 1950. At the time of her death she owned certain improved real property in Brow-ard County which'was the home and dwelling place of decedent and appellant for several years prior to her death. Decedent left surviving her a daughter and a son, the issue of a former marriage who are the appellees in this case and the beneficiaries of her last will.
*581 This suit was instituted by complaint for declaratory decree on the part of appellant as complainant in which he prays that the home of his deceased wife be decreed not susceptible of alienation by will. The complaint alleges that for several years prior to his wife’s death he had been dependent on her, that she had paid the major part of the household and living expenses and that his own income was entirely insufficient to provide the necessities of life. A motion to dismiss the complaint was granted and this appeal was prosecuted.
The point for determination is whether or not the wife who is head of the family consisting of herself and husband and who is the sole owner of the home in which she and the husband resided prior to her death may devise said home free of any claim or interest on.the part of her surviving husband, when she has adult children surviving her who do not live in the home.
Article IQ. of the, constitution -regulates ownership arid alienation of the homestead. The answer to the question with which we are confronted turns on the interpretation of Section 4, Article X, which provides that nothing therein contained shall be construed to prevent the wife, if the husband is deceased, from alienating her property or from disposing of it by will in the manner provided by law provided she is without children.
In this case the deceased wife was the owner of the homestead. She left two children by a previous -marriage who made no attack on the will. The surviving husband claims an interest in the homestead, contending that he was a dependent of the deceased wife. Nelson v. Franklin, 152 Fla. 694, 12 So.2d 771 is relied on to support this contention. The facts in Nelson v. Franklin are in many r.espects similar to those in the case at bar, except in the Nelson case the husband was the head of the family while in this case it was alleged and admitted that the wife was the head of the family. On that difference the answer to the question in the instant case evolves.
A careful reading of the constitution and the applicable statutes, Sections 731.05 and 731.27, F.S.A. reveals no restraint on alienating the homestead' by will except where the owner is survived by his wife and lirieal .descendants.- In this case the wife owned the homestead and died leaving lineal descendants by a former husband who are of age and are not contesting the will. The law imposes no restraint on her disposing of her property as she desires, free of any claim on the part of her surviving husband. No surviving minor children Or dependent adult lineal descendants are involved in this case.
I would hold that the trial court was correct in finding that under the facts of this case the surviving husband had no right or title in the homestead of his -deceased wife and that she could alienate it by will. His order dismissing the' bill for declaratory decree should be affirmed.
I therefore dissent.
ROBERTS, C. - J., concurs.